IN RE ESTATE OF GEORGE H. PROUTY.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*J. W. Redmond* for the petitioner.

*Theriault & Hunt* for the petitionees, legatees under the will of Henrietta Prouty.

THOMPSON, J.    The petitioner, Edgar J. Prouty, executor of the will of George H. Prouty, and the petitionees, legatees under the will of Henrietta Prouty, widow of George H. Prouty, have each appealed directly to this Court from a final decree and order of the probate court in the district of Orleans, and they have each filed a bill of exceptions duly allowed by that court.    The case has once before been here on direct appeal by the petitionees and the executors of Mrs. Prouty's will from a final decree and order of the probate court.    On review here, the decree was reversed, order vacated, and cause remanded, with leave to the petitioner to apply.    The trial under review here will be designated as the trial, and whenever there is occasion to refer to the former trial it will be so designated. Questions were raised and passed upon at the trial which were not raised and passed upon at the former trial.    We refer to the case as reported in 105 Vt. 66, 163 Atl. 566, for a statement of the facts in the former trial, the issues raised by the pleadings, and our decision of the same.

The executors of Mrs. Prouty's will were parties of record in the former trial and were represented by counsel.    They were not represented by counsel at the trial and did not personally participate therein; but after the May Term of this Court, they were granted leave, under the provisions of P. L. 2109, to enter an appeal from the final decree and order of the probate court, and they have entered their appeal.

After the case was remanded, the petitioner moved said probate court to reopen the hearing of trial of said cause; for leave to amend the original petition; and to grant a hearing *de novo* therein, as provided in P. L. 2734.    In accordance with the provisions of that statute, Honorable Clarence P. Cowles, then judge of probate in the district of Chittenden, was appointed to hear the case as acting judge of probate in the district of Orleans.    The petitioner was granted leave to amend the

original petition, and there was a hearing *de novo* on the petition as amended.

The original petition counted only on the allowance orders of December 6, 1918, and of June 15, 1920, and set up the intention to make those orders conditional only as to the interest on the trust bequest of $60,000. The petitioner amended his petition by adding certain averments, to be in substitution of any averments of the original petition so far as they conflicted, but counting only on the allowance orders of June 15, 1920, and of May 1, 1925, in the same language as the original petition, and by alleging the intention, and averring the order and adjudication, to make such allowance orders conditional as respects the interest to accrue on both the trust bequest of $60,000 and the outright bequest to the widow of $15,000. The amendment changed the prayer of the original petition so that, as amended, the petitioner prayed only for the correction of the allowance orders of June 15, 1920, and May 1, 1925.

The material portions of the final decree of the probate court are as follows:

> "After hearings at which testimony was taken, this Court made and filed its findings of facts, and after hearing argument of counsel, and after due consideration, upon the facts found as aforesaid;
>
> "*It is hereby ordered, adjudged and decreed* as follows:
>
> "The said petition of Edgar J. Prouty dated the 31st day of October, 1931, and the said amended petition dated the 14th day of February, 1933, are hereby dismissed.
>
> "The orders for allowance to the widow to wit: one dated the 6th day of December, A. D., 1918, one dated the 12th day of May, A. D., 1919, one dated the 15th day of June, A. D., 1920, and another dated the 1st day of May, 1925, are hereby annulled and declared to be of no force or effect, except only so far as said orders give the widow an allowance for her support and maintenance from the date of testator's decease, to wit, August 19, 1918, for eight (8) months after administration

was granted, to wit, to and until the 24th day of May, A. D., 1919.''

The petitioner was allowed an exception to the dismissal of his original and amended petition.

The petitioner says that if this Court holds that, on the findings of facts, Judge Cowles was right in making the order and decree specified in the last paragraph of his final order, he seeks no reversal, and claims nothing for any of his exceptions; but, if this Court holds that Judge Cowles was wrong in holding and ordering as above specified, then he insists on all of his exceptions.

The order of Judge Cowles in the last paragraph of his final order, which annulled all the orders made by Judge Smith for allowances to the widow for her support out of the estate of George H. Prouty, and declared the same to be of no force and effect except only for her support for eight months after administration was granted, is based largely upon the findings and decision of two so-called jurisdictional questions which were not in issue at the former trial, and which were raised and decided by Judge Cowles *sua sponte*.

Judge Cowles considered three so-called jurisdictional questions in his finding of facts, but the first jurisdictional question he considered is raised by one of our holdings when the case was here before, and it will be considered later. In deciding whether Judge Cowles was right or wrong in holding and ordering as specified in the last paragraph of his final order, it is necessary to refer to the second and third so-called jurisdictional questions, and consider whether Judge Cowles had the jurisdiction to raise and determine those questions *sua sponte*. The question of his jurisdiction to raise and decide such questions is properly before us on exceptions taken by the petitionees to his findings.

On the second jurisdictional question, Judge Cowles, *sua sponte*, raised the question whether Judge Smith had jurisdiction to make an order for the widow's support for more than eight months after administration was granted, no notice and opportunity to be heard thereon having been given to the creditors. He ruled that Judge Smith did not have jurisdiction to make such an order except on notice to and opportunity to be heard thereon by the creditors. He dismissed all of the orders

of Judge Smith for the support of the widow, except only for her support for eight months after administration was granted, for want of notice to the creditors. An exception to this ruling was noted to the executors of Mrs. Prouty's will and to the petitionees.

On the third jurisdictional question, Judge Cowles found, in part, as follows: "An examination of Judge Smith's orders show that on the face of the orders no notice to creditors is shown and that notice to or appearance only by the executor and the widow was had. I take it that notice to the creditors should have been recited in the orders on the theory that it is essential to show in the orders themselves that the court had jurisdiction to grant same. But I am treating the case as though motions to amend said orders so as to show notice to the creditors, have been filed by the widow's executors and Atty. Hunt's clients, and that such motions for amendment have been denied for want of any evidence to support same. Exception is noted to the widow's executors and Mr. Hunt's clients to this ruling."

The petitionees specially excepted to the foregoing finding and ruling of the court on the ground "that such action of the court is wholly unwarranted and prejudicial to them, in creating a suppositious motion by them, which they never made, for the purpose of denying it on the ground of want of evidence to support it. The petitionees have not at any time or in any manner recognized the matter of notice to creditors of the allowance orders as now open to inquiry or as in any way material to this proceeding; and they except to this action of the court so imputing to them such recognition."

Judge Cowles found further: "The executors of the widow's estate and Mr. Hunt's clients are urging this court to confine itself to the issues raised in the pleadings of these parties, and merely to settle the question at this time whether or not the orders for support should be corrected or should be permitted to stand. But I take the position that this court should not adjudicate at this time whether or not the orders should be corrected or should be reaffirmed. I take the position that the orders, so far as they cover the widow's support subsequent to the first eight months, should be revoked or declared void. My reasons for taking this position are these:

"I take it that this estate is a trust fund; that it is in the constructive possession of the probate court; that the creditors of the estate, both for debts and expenses of administration, are by the statute (P. L. 2826) given a preference to the widow's support after the first eight months; that until it has been duly adjudicated—such creditors having had notice and opportunity to be heard on such adjudication—that the estate is not insolvent, this court should not have issued its orders for support after the first eight months, and should now, of its own motion, declare that these orders are void as to creditors, and should be revoked as to the parties thereto."

Did Judge Cowles have the jurisdiction to raise and decide, *sua sponte,* the second and third so-called jurisdictional questions? P. L. 2734 provides, so far as material here, that when a judge of probate is interested in a question to be decided by the court, he shall not act as judge, and his duties shall be performed by a judge of another district, and such judge shall have jurisdiction to act while such disqualification exists.

We said in our decision when the case was here before, that though Judge Smith may have been disinterested in a legal sense, and was not incapacitated within the meaning of P. L. 2734, a petition of this kind presents delicate questions of fact which, in fairness, ought to be passed upon by a third party.

On remand, the question raised by the amended pleadings to be decided by the probate court, was whether the order of Judge Smith made on June 15, 1920, allowing the widow $375 per month out of the estate of her husband for her support, and his order of May 1, 1925, allowing her $500 per month out of his estate for her support, should be corrected to provide that during the time she received the monthly payments provided by those orders, neither she, nor the petitioner in her behalf, should be entitled to interest on her outright bequest of $15,000 or on the trust fund of $60,000. It was considered that Judge Smith was disqualified to hear and decide that question; and Judge Cowles was appointed to hear and decide it.

But the disqualification of Judge Smith was not general. It extended only to his hearing and deciding whether the two

orders should be corrected. In all other respects, his juris-
diction and powers as judge of probate in and for the district
of Orleans were not in any way affected or impaired.

■ ■ The question of the extent of the jurisdiction of a
judge of probate while acting in another district because of the
disqualification of the judge in the other district to act, has not
been raised before in this Court, nor, to our knowledge, has it
been raised in any court. The statute provides that such judge
shall have jurisdiction to act while the disqualification of the
other judge exists. It appears clearly from this provision of
the statute that it is the intent of the statute that the jurisdic-
tion of a judge of probate, while acting in a district where its
judge is disqualified to act, shall be coextensive with the dis-
qualification of such judge, that is, that the jurisdiction of the
acting judge extends only to hearing and deciding the question
which the judge of that district is disqualified to hear and
decide. We hold that the jurisdiction of Judge Cowles was
confined to hearing and deciding the question Judge Smith was
disqualified to hear and decide; that he did not have jurisdic-
tion to raise and decide, *sua sponte,* the second and third so-
called jurisdictional questions; that he did not have the juris-
diction and power to annul and void the allowance orders made
by Judge Smith; and that his proceedings in relation thereto
are null and void.

Though Judge Cowles refused to decide whether the orders
of June 15, 1920, and May 1, 1925, should be corrected as
prayed for in the amended petition, there is enough in the
record so that we can pass upon and dispose of the question
whether the probate court erred when it dismissed the original
petition and the amended petition, without having to pass upon
the exceptions of the parties.

■ Assuming the fact to be, which we do not decide, that
when Judge Smith made the allowance orders of June 15, 1920,
and May 1, 1925, he intended that each order should state that
it was made upon the condition that during the time the allow-
ance provided by it was paid to Mrs. Prouty no interest should
accrue in her favor, or in favor of the petitioner in her behalf,
on the bequest of $15,000 or on the trust fund of $60,000, and
that such condition was omitted from the orders by error, that
is not sufficient to warrant the correction of the orders.

When the case was here before, we said, referring to the running of interest on the bequest and the trust fund, and to the power of the probate court to make a conditional award: "The probate court, of course, had no power to stop the running of interest on the sums referred to by a direct order to that effect. It could, however, tender to Mrs. Prouty a choice between the interest and an allowance under the statute. * * * So it might make a conditional award, and if the widow should deliberately accept the allowance so conditioned, she would be bound by the condition. And her acceptance would be equally binding upon her legatees, who could only take what she, at her decease, had to give."

The court found as follows on the question whether Mrs. Prouty was given notice that the orders for her support were to be conditional:

> "I have asked the attorneys to point out any pleading, unless it be the widow's own petitions for support, or other manner of notice of the question whether Judge Smith's orders should have been conditional, or any evidence tending to show the same. But except for the widow's petitions for support, which contain no express notice that the orders might be made conditional, no such pleading or other manner of notice has been pointed out, or evidence tending to show the same, and I cannot find any.
>
> "I find that no notice or opportunity to be heard was given upon the question whether Judge Smith's orders for support should be made conditional or optional, upon her taking no interest or income upon her legacy and trust fund while the orders were effective, or during any part of the time they would be effective."

No exception was taken to these findings.

As the probate court did not have the power to stop the running of interest on the legacy and the trust fund by a direct order to that effect, it could not legally make the orders for the support of Mrs. Prouty conditional, so as to be binding on her, unless she was given the opportunity to elect, and did elect, to accept the allowances provided by the orders subject to the condi-

tion that while she received the allowances no interest should accrue in her favor on the legacy and the trust fund; but, as the court gave her no notice of what it intended to do, and no opportunity to elect between receiving interest on the legacy and the trust fund and receiving the allowances provided by the orders subject to the condition that while she received the allowances no interest should accure in her favor on the legacy and the trust fund, the court was without power to make the orders conditional. The court committed no error when it dismissed the original petition and the amended petition.

That part of the decree wherein the court dismissed the original petition and the amended petition is affirmed. That part of the decree that annuls the orders of Judge Smith and declares them to be of no force and effect except only for the support of the widow for eight months after administration was granted on the estate of George H. Prouty, is reversed. *To be certified to the probate court.*